IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERNESTO J. BENEVIDEZ,

    Petitioner,

v.                                              No. 24-cv-1183 KG/KK

ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO,

    Respondent.

ORDER DIRECTING AMENDMENT

    This matter is before the Court on Petitioner Ernesto Benevidez' Habeas Corpus Petition Under 28 U.S.C. § 2254 (Doc. 1) (Petition). Petitioner is proceeding *pro se* and was incarcerated when he filed the Petition. He challenges his state convictions for sexual exploitation of children (manufacturing), contributing to the delinquency of a minor, and identity theft. Also before the Court is Petitioner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. (Doc. 2) (IFP Motion). It appears Petitioner is unable to prepay the $5.00 habeas filing fee. The Court will grant the IFP Motion pursuant to 28 U.S.C. § 1915(b)(4) and Petitioner shall be excused from prepaying the filing fee.

    The Petition appears timely based on the dates Petitioner placed each of his habeas filings in the prison mail system and does not appear to be successive. In addition, Petitioner alleges he exhausted state remedies and the arguments warrant a full review of the state record. This case would normally survive initial screening, but the Court cannot order an answer to the current pleadings because the Petition does not contain a short, plain statement of the grounds for relief, as required by Fed. R. Civ. P. 8(a). It also fails to "substantially follow … the form" Section

2254 petition, as required by Habeas Corpus Rule 2(d). The Petition consists of 156 pages with over 100 pages containing a lengthy written narrative describing the history of the criminal proceeding and habeas arguments interspersed throughout the case history. Petitioner also filed an addendum containing over 300 pages of exhibits and records. (Doc. 3).

It is not the role of the Court to "sort through a lengthy … [pleading] and voluminous exhibits … to construct plaintiff's causes of action." *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014) (citations omitted). The Court will therefore order Petitioner to file a single, amended petition limited to thirty-five (35) pages within thirty (30) days of the date of this Order. When drafting his amendment, Petitioner should include a brief description of each claim (*e.g.*, "ineffective assistance by trial counsel" or "erroneous admission of testimony by Jane Doe") in the sections of the Section 2254 petition titled "Ground One," "Ground Two," etc. If Petitioner must use additional pages, they should follow the same general format as the form petition (*i.e.*, he should number each ground for relief and include a <u>brief</u> description of the alleged wrongdoing under the header). Petitioner need not include lengthy arguments; his counseled appellate briefs, which include more information about each claim, will be part of the record if he complies with this Order. Respondents are responsible for providing the state record in a *pro se* habeas proceeding, and Petitioner may request additional records if Respondents' filings are incomplete.

If Petitioner fails to timely file an amended Section 2254 petition that complies with Rule 8(a) and this Order, the Court may dismiss this action with prejudice and any future Section 2254 filings may be time barred. The Clerk's Office will mail Petitioner another copy of the Section 2254 form, which he should use when drafting the amendment.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. 2) is GRANTED such that Petitioner is excused from paying the $5.00 filing fee;

2. Petitioner shall file an amended Section 2254 petition within thirty (30) days of the date of this Order that is limited to 35 pages and is consistent with the above instructions; and

3. The Clerk's Office shall MAIL Petitioner a blank Section 2254 form.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.